———————o———————

No. 5756.

## WILLIAM R. McCARTY vs. ILLINOIS CENTRAL RAILROAD COMPANY.

### Syllabus.

Questions of fact only are involved.

Appeal from the Civil District Court, Parish of Orleans, Division "C," No. 101,599. Hon. E. K. Skinner, Judge.

Robert O'Connor, for plaintiff and appellee.

Lemle, Jones & Moreno, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court as follows:

This is a suit by the consignor for the recovery of the value of and freight paid upon a carload of lumber shipped over the defendant's road, the delivery of which at its destination is on the one hand denied by plaintiff and on the other asserted by respondent as its defense to the suit. Delivery **vel non**, as a question purely of fact, for the proof of which the burden admittedly rests upon defendant, is the issue presented: and our examination of the transcript leads us to a conclusion in accord with that of the lower Court, namely, that defendant has failed to sustain the burden imposed upon it in this regard.

The only witnesses sworn on behalf of defendant were two foremen of engine crews who, admitting that they had no independent recollection whatever of the transaction, produce memoranda made by them respectively at the time, termed "switching lists," which recite that the car in question, loaded, was placed at the private switch alongside of consignee's plant on October 9th, and was pulled out, empty, on October 11th. All this was done without notice from the railroad to consignor or to consignee of the arrival, delivery or removal of the car, and without the exaction of a receipt or the production of the bill of lading. Such is defendant's case.

On behalf of plaintiff it is shown that meanwhile and at and subsequent to the dates when defendant claims to have delivered and removed the car, not only had the consignor, who had been advised of the non-arrival of the car by the consignee, made daily inquiry of the defendant in a vain effort to locate the shipment, but three employees or officers of the consignee, who were almost constantly at the plant or switch where the defendant claims the car was placed, and who were awaiting and on the lookout for its arrival, swear positively that the car was never delivered and that it could not possibly have been placed at the plant as claimed and certainly could not have remained there for two days and its contents unloaded without these facts being observed by and fully known to them.

Inasmuch as the trial Judge states that he was impressed with the credibility of the witnesses for all parties, the question presented is simply whether or not there is a preponderance of evidence in support of defendant's plea of delivery. In our judgment the evidence on the fact of delivery stands in perfect equilibrum, for we have on the one hand delivery evidenced by contemporaneous memoranda alone, and on the other hand, delivery

denied by at least three witnesses who, at the time of the alleged delivery, had adequate opportunity and means for observation and whose attention was particularly directed to the ascertainment of whether or not delivery was in fact made. Clearly the defense is not sustained by the preponderance of evidence required.

Defendant also complains that plaintiff should not have had judgment for the freight paid by him. But it appears that when he purchased the lumber and prepaid the freight, he was acting for the account of the consignee and would have been reimbursed by the latter had the shipment been delivered. The judgment properly condemned the defendant both for the price of the lumber and the freight prepaid thereon. The lower Court was likewise correct in rejecting plaintiff's claim for the penalty prescribed by Act 29 of 1908, for by the terms of the statute the consignee alone can claim it.

There is no error in the judgment and it is therefore affirmed.

Affirmed.

Dufour, J., takes no part.

Opinion and decree, March 10th, 1913.